IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CINQUINCY GLENN, # 261238, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 1:16cv280-WKW |
| | ) [WO] |
| KARLA JONES, *et al.*, | ) |
| | ) |
| Respondents. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by Alabama inmate Cinquincy Glenn ("Glenn"). Doc. No. 1.[1] Glenn challenges his convictions for first-degree rape and first-degree sodomy obtained in a 2010 jury trial in the Circuit Court of Houston County. That court sentenced Glenn to 37 years in prison.

## I. BACKGROUND

On October 7, 2010, a Houston County jury found Glenn guilty of one count of first-degree rape, in violation of § 13A-6-61(a)(3), Ala. Code 1975, and one count of first-degree sodomy, in violation of § 13A-6-63(a)(3), Ala. Code 1975. Doc. No. 30-9 at 48–49. On November 5, 2010, the trial court sentenced Glenn as a habitual felony offender to concurrent terms of 37 years' imprisonment. Doc. No. 30-9 at 61–62.

---

[1] References to "Doc. No(s)." are to the document numbers of the pleadings, motions, and other materials in the court file, as compiled and designated on the docket sheet by the Clerk of Court. Pinpoint citations are to the page of the electronically filed document in the court's CM/ECF filing system, which may not correspond to pagination on the "hard copy" of the document presented for filing.

Glenn appealed, asserting that the State's evidence was insufficient to support his rape conviction. *See* Doc. No. 30-5. On September 16, 2011, the Alabama Court of Criminal Appeals affirmed Glenn's conviction and sentence by unpublished memorandum opinion. Doc. No. 30-7. Glenn did not apply for rehearing or seek certiorari review by the Alabama Supreme Court. On October 5, 2011, the Alabama Court of Criminal Appeals issued a certificate of judgment. Doc. No. 30-8.

On June 14, 2012, Glenn filed a *pro se* Rule 32 petition[2] with the trial court accompanied by a request to proceed *in forma pauperis*.[3] *See* Doc. No. 30-1 at 15 & 35–37. In his Rule 32 petition, Glenn claimed that his trial counsel was ineffective for failing to request lesser-included offense instructions; for failing to object when the victim stated during her testimony that he raped her; for failing to object to the trial court's behaving "like a prosecutor" as well as a judge; for failing to request that the jury be polled; and for failing to object to the jury's requests for further instruction on the definition of penetration and for a copy of the jury charge. Doc. No. 30-1 at 17–25. Glenn also claimed that the trial court erred by failing to *sua sponte* give lesser-included offense instructions; by allowing the victim to state that he raped her; by failing to *sua sponte* poll the jury; and by failing to *sua sponte* declare a mistrial due to a fatal variance between the indictment and the evidence because penetration was not proven. Doc. No. 30-1 at 26–35.

---

[2] *See* Rule 32 of the Alabama Rules of Criminal Procedure.

[3] For reasons not apparent from the record, Glenn's Rule 32 petition was not docketed by the Houston County Circuit Court Clerk's Office until October 1, 2012. Doc. No. 30-1 at 6.

The trial court held an evidentiary hearing on Glenn's Rule 32 petition on November 15, 2012. Doc. No. 30-1 at 68–96. Glenn's trial counsel testified at the hearing, and the trial court also heard argument from Glenn and the State. On December 4, 2012, the trial court entered an order denying Glenn's Rule 32 petition. Doc. No. 30-1 at 56–58.

Glenn appealed, and by memorandum opinion entered on July 12, 2013, the Alabama Court of Criminal Appeals affirmed the trial court's denial of his Rule 32 petition. Doc. No. 30-2. Glenn's application for rehearing was overruled, after which he filed a petition for writ of certiorari in the Alabama Supreme Court. Doc. No. 30-3. On November 15, 2013, the Alabama Supreme Court denied Glenn's petition for writ of certiorari. Doc. No. 30-4. A certificate of judgment issued on that same date. *Id.*

On January 28, 2014, Glenn initiated this federal habeas action by filing a § 2254 petition[4] asserting the following claims:

    1. The trial court erred by (a) allowing the victim to state during her testimony that Glenn raped her and (b) failing to give lesser-included offense instructions.

    2. His trial counsel rendered ineffective assistance by failing to (a) object when the victim stated that he raped her, (b) request lesser-included offense instructions, and (c) preserve the issue of the sufficiency of the evidence based on the lack of medical and scientific evidence showing proof of penetration.

Doc. No. 1 at 7–9.

---

[4] Glenn originally filed his § 2254 petition in the United States District Court for the Southern District of Alabama. Although that court entered an order on July 28, 2014, to transfer Glenn's petition to this court (Doc. No. 15), the petition was not transferred to this court until April 18, 2016 (*see* Doc. Nos. 17 & 18).

For the reasons that follow, it is the recommendation of the Magistrate Judge that Glenn's § 2254 petition be denied without an evidentiary hearing and that this case be dismissed with prejudice.

## II.   DISCUSSION

A.   **Claims of Trial Court Error**

Glenn claims that the trial court erred by (a) allowing the victim to state during her testimony that he raped her (Doc. No. 1 at 7) and (b) failing to give lesser-included offense instructions (Doc. No. 1 at 9).  Glenn raised the first of these claims in his Rule 32 petition, where it was rejected by the trial court on the ground it was not within the province of the court to inject itself into the trial.  Doc. No. 30-1 at 57.  Glenn pursued the claim in his Rule 32 appeal, where the Alabama Court of Criminal Appeals found the claim was procedurally barred under Rules 32.2(a)(3) and (5) of the Alabama Rules of Criminal Procedure because it could have been raised at trial and on direct appeal, but was not.  *See* Ala.R.Crim.P. 32.2(a)(3) & (5).  Doc. No. 30-2 at 5–6.

"Federal review of a petitioner's claim is barred by the procedural-default doctrine if the last state court to review the claim states clearly and expressly that its judgment rests on a procedural bar, and that bar provides an adequate and independent state ground for denying relief."  *Atkins v. Singletary*, 965 F.2d 952, 955 (11th Cir. 1992); *see Marek v. Singletary*, 62 F.3d 1295, 1301–02 (11th Cir. 1995).  The Alabama Court of Criminal Appeals' application of Ala.R.Crim.P. 32.2(a)(3) and (5) to Glenn's claim of trial court

4

error constituted an adequate and independent state procedural ground for denying relief.[5] These procedural bars are firmly established and regularly followed by Alabama appellate courts.[6] *See, e.g., Williams v. State*, 782 So. 2d 811, 841 (Ala. Crim. App. 2000); *Brownlee v. Haley*, 306 F.3d 1043, 1065–66 (11th Cir. 2002). Consequently, Glenn's claim here is procedurally defaulted. *See Marek,* 62 F.3d at 1301–02.

A habeas petitioner can overcome a procedural default by showing both "cause" for the default and resulting prejudice, *Murray v. Carrier*, 477 U.S. 478, 488 (1986), or by establishing a "fundamental miscarriage of justice," which requires a colorable showing of actual innocence, *Schlup v. Delo*, 513 U.S. 298, 324–27 (1995). Cause for a procedural default turns on whether the petitioner can show that an objective factor external to the defense impeded efforts to comply with the state's procedural rules. *Murray*, 477 U.S. at 488; *United States v. Frady*, 456 U.S. 152, 170 (1982). Examples of such external impediments include a factual or legal basis for a claim not reasonably available,

---

[5] The Supreme Court has stated:

> By its very definition, the adequate and independent state-ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law. *See Fox Film Corp. v. Muller*, 296 U.S. 207, 210 (1935). Thus, by applying this doctrine to habeas cases, [*Wainwright v. Sykes*, 433 U.S. 72 (1977)] curtails reconsideration of the federal issue on federal habeas as long as the state court explicitly invokes a state procedural bar rule as a separate basis for decision. In this way, a state court may reach a federal question without sacrificing its interests in finality, federalism, and comity.

*Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989).

[6] In order to bar federal review, the state procedural bar must have been "firmly established and regularly followed" at the time of the alleged default. *Ford v. Georgia*, 498 U.S. 411, 424 (1991).

interference with the defense by government officials, or constitutionally ineffective assistance of counsel.  *Murray*, 477 U.S. at 488.

One of Glenn's § 2254 claims is that his trial counsel was ineffective for failing to object when the victim stated during her testimony that he raped her.  *See* Doc. No. 1 at 7. Assuming Glenn asserts this allegation of ineffective assistance as "cause" for his procedural default of his claim of trial court error, Glenn, as discussed below in Part II.A.1 of this Recommendation, demonstrates no merit to his ineffective assistance claim.  An ineffective assistance claim must be meritorious to serve as cause to overcome the procedural default of another claim.  *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). Because, as discussed below, Glenn does not show that his counsel was ineffective for failing to object when the victim stated he raped her, Glenn does not demonstrate cause excusing the default of his claim that the trial court erred by allowing the victim to state that he raped her.

As for Glenn's claim that the trial court erred by failing to give lesser-included offense instructions (*see* Doc. No. 1 at 9), such a claim could have, and should have, been raised at trial and on direct appeal.  However, in deciding Glenn's Rule 32 appeal, the Alabama Court of Criminal Appeals did not deny relief on this claim based on an applicable Rule 32 procedural bar (e.g., Ala.R.Crim.P. 32.2(a)(3) and (5)).  Instead, the court rejected the claim as lacking merit and as insufficiently pleaded under Rules 32.6(b) and 32.3 of

6

the Alabama Rules of Criminal Procedure.[7] Eleventh Circuit precedent holds that a ruling by an Alabama court under Rule 32.6(b) or 32.3 is an adjudication "on the merits". *Borden v. Allen*, 646 F.3d 785, 812 (11th Cir. 2011); *Powell v. Allen*, 602 F.3d 1263, 1272 (11th Cir. 2010). Because this claim was denied on the merits and not on procedural grounds, and because it is linked anyway with Glenn's § 2254 claim that his trial counsel was ineffective for failing to request lesser-included offense instructions, this claim will be discussed below in this court's consideration of Glenn's § 2254 claims adjudicated on the merits by the state court.

## B.  Habeas Review of Claims Adjudicated on Merits by State Court

"When it enacted the Antiterrorism and Effective Death Penalty Act of 1996 ('AEDPA'), Congress significantly limited the circumstances under which a habeas petitioner may obtain relief." *Hardy v. Allen*, 2010 WL 9447204, at *7 (N.D. Ala. Sep. 21, 2010). To prevail on a § 2254 claim adjudicated on the merits by the state courts, a petitioner must show that a decision by the state courts was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts, in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) & (2); *see Williams v. Taylor*, 529 U.S. 362, 404–05 & 412–13 (2000).

---

[7] Rule 32.6(b) provides: "Each claim in the [Rule 32] petition must contain a clear and specific statement of the grounds upon which relief is sought, including full disclosure of the factual basis of those grounds. A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings." Ala.R.Crim.P. 32.6(b). Rule 32.3 states, in pertinent part, that "[t]he petitioner shall have the burden of pleading and proving by a preponderance of the evidence the facts necessary to entitle the petitioner to relief." Ala.R.Crim.P. 32.3.

A state court's decision is "contrary to" federal law either if it fails to apply the correct controlling authority, or if it applies the controlling authority to a case involving facts "materially indistinguishable" from those in a controlling case, but nonetheless reaches a different result. *Williams*, 529 U.S. at 404–06; *Bell v. Cone,* 535 U.S. 685, 694 (2002). A state court's decision is an "unreasonable application" of federal law if it either correctly identifies the governing rule but then applies it to a new set of facts in a way that is objectively unreasonable, or it extends or fails to extend a clearly established legal principle to a new context in a way that is objectively unreasonable. *Williams*, 529 U.S. at 407.

"Objectively unreasonable" means something more than an "erroneous" or "incorrect" application of clearly established law, and a reviewing federal court may not substitute its judgment for the state court's even if the federal court, in its own independent judgment, disagrees with the state court's decision. *See Williams*, 529 U.S. at 411; *Lockyer v. Andrade,* 538 U.S. 63, 76 (2003). The reviewing court "must determine what arguments or theories supported or . . . could have supported[ ] the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). "This is a 'difficult to meet,' and 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt.'" *Cullen v. Pinholster*, 536 U.S. 170, 181 (2011) (internal citations omitted).

Federal courts are likewise directed to determine whether the state court based its findings on "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). A federal court "may not characterize these state-court factual determinations as unreasonable 'merely because [we] would have reached a different conclusion in the first instance.'" *Brumfield v. Cain*, 135 S. Ct. 2269, 2277 (2015) (citation omitted) (alteration in original). A state court's determinations of is "presumed to be correct," and the habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

1.   ***Counsel's Failure to Object to Victim's Statement She was Raped***

Glenn claims his trial counsel rendered ineffective assistance by failing to object when the victim stated during her testimony that he raped her. Doc. No. 1 at 7.

At Glenn's October 2010 trial, the victim, D.A., testified about an incident that occurred at her house one day in August 2009, when she was six years old. D.A. testified in part as follows:

> [PROSECUTOR:] All right. And while they [D.A.'s mother and sister] were gone, what happened?
>
> [D.A.:] When I was in the— when I was cleaning my mamma's room, then he [Glenn] pushed me on the bed and—
>
> Q. What happened when he pushed you on the bed?
>
> A. *He raped me*.
>
> . . . .
>
> Q. Okay. So when he pushed you on the bed, what did he do, first?

>    A.  He took out his thing and put in me.
>
>    . . . .
>
>    Q.  What did he do next?
>
>    A.  Then he was— then he was licking down at my privacy.
>
>    Q.  He was looking at your privacy?
>
>    A.  No.  He was licking down there.
>
>    Q.  He was licking your privacy?
>
>    A.  (Nodding in the affirmative.)

Doc. No. 30-9 at 147-49 (emphasis added).

In his Rule 32 petition, Glenn argued that his counsel should have objected to the victim's statement that he raped her, on the ground that the statement amounted to a legal conclusion on an ultimate issue for the jury's determination.  *See* Doc. No. 30-1 at 20–22 & 29-33.  At the hearing on Glenn's Rule 32 petition, Glenn's trial counsel explained that, instead of objecting to the victim's statement during the State's direct examination of her, he used the opportunity during cross-examination of the victim to address her use of the word "rape" as suggesting that she had been coached by others to use a word with a meaning she did not understand and that her testimony was not based on her recollection of actual events.  Doc. No. 30-1 at 88–89.  The trial transcript reflects that Glenn's counsel cross-examined the victim to this effect.  Doc. No. 30-9 at 156–57.

In its order denying Glenn's Rule 32 petition, the trial court found:

> The Court finds the Petitioner's claim of ineffective assistance of counsel regarding the rape statement unpersuasive.  [Glenn's trial counsel] testified

10

> that the victim blurted it out and he used the opportunity to address the statement as coaching by others. A review of the transcript also reveals that the victim subsequently stated quote "He took out his thing and put it in me." Petitioner failed to prove how he was prejudiced when [the victim] followed up with evidence of penetration.

Doc. No. 30-1 at 57.

Addressing this issue in Glenn's appeal from the denial of his Rule 32 petition, the Alabama Court of Criminal Appeals held:

> [Glenn's] arguments concerning the victim's testimony that she was raped are without merit as to ineffectiveness of counsel because his counsel testified that he used a different strategy to approach the victim to further [Glenn's] best interests. "'Matters of trial tactics and strategy which can be a matter of endless debate by experienced advocates are not grounds for post-conviction relief.' *Knappenberger v. State*, 283 Ark. 210, 213, 672 S.W. 2d 54, 56 (1984) (holding that counsel was not ineffective for advising petitioner to confess his involvement in the crime to the police)." *Wilkerson v. State*, 70 So. 3d 442, 454 (Ala. Crim. App. 2011).

Doc. No. 30-2 at 5.

*Strickland v. Washington*, 466 U.S. 668 (1984), sets forth the established federal law on claims of ineffective assistance of counsel and requires that a petitioner alleging ineffective assistance establish that his counsel's performance was deficient and that he was actually prejudiced by the inadequate performance. 466 U.S. at 687. This requires showing both that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* The petitioner must demonstrate that counsel's performance "fell below an objective standard of reasonableness," *id.* at 688, and that "there is a reasonable probability that, but

11

for counsel's unprofessional errors, the result of the proceeding would have been different," *id*. at 694.

An attorney's performance is presumed to have been reasonable and must not be examined aided by judicial hindsight. *Messer v. Kemp*, 760 F.2d 1080, 1088 (11th Cir. 1985). Federal courts apply a "heavy measure of deference to counsel's judgments." *Singleton v. Thigpen*, 847 F.2d 668, 670 (11th Cir. 1988) (quoting *Strickland*, 446 U.S. at 691). Under the *Strickland* standard, strategy decisions by counsel are entitled to great deference. *See Strickland*, 446 U.S. at 689 (discussing the danger of hindsight in such an evaluation and noting that the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy"). A federal court's § 2254 review under *Strickland* is another step removed from the original analysis, or as the Supreme Court puts it, "doubly deferential." *Burt v. Titlo*w, 134 S.Ct. 10, 13 (2013) (quotation marks and citation omitted); *see Tanzi v. Sec'y, Florida Dep't of Corr.*, 772 F.3d 644, 652 (11th Cir. 2014) (quoting *Burt*).

Here, applying the proper measure of deference to counsel's judgments and to the state court's rulings, this court finds Glenn fails to show that the state court's denial of his ineffective assistance claim was an unreasonable application of *Strickland* or any other federal law as determined by the United States Supreme Court.[8] 28 U.S.C. § 2254(d)(1); *Williams*, 529 U.S. at 404–05 & 412–13. It was not professionally unreasonable for Glenn's trial counsel to eschew an objection to the victim's statement that she was raped

---

[8] Nor does Glenn rebut the presumption of correctness given to the state court determinations of fact. 28 U.S.C. § 2254(d)(2) & (e)(1).

12

and to instead seek to suggest during cross-examination that her use of the word indicated she had been coached by others and that her testimony was the product of coaching, not her recollection of events that actually occurred.  Glenn also demonstrates no prejudice resulting from his counsel's failure to object to the victim's statement, particularly where the victim provided other testimony regarding facts satisfying the definition of the offense of rape.  There is no likelihood that the victim's statement using the word "raped" unduly influenced the jury's finding of guilt given the other evidence, including testimony by the victim, establishing the elements of the offense of rape.  Glenn is therefore not entitled to habeas relief on this claim of ineffective assistance of counsel.

    *2.*    *Counsel's Failure to Request Lesser-Included Offense Instructions*

Glenn claims his trial counsel was ineffective for failing to request lesser-included offense instructions.  Doc. No. 1 at 8.  In his Rule 32 petition, Glenn argued that his counsel should have requested that the jury be instructed on the offense of sexual abuse in the first-degree as a lesser-included offense of both the first-degree rape and first-degree sodomy counts in the indictment.  Doc. No. 30-1 at 17–20.  According to Glenn, he was entitled to such instructions because the State did not establish the element of penetration necessary to support convictions for rape and sodomy, while the offense of sexual abuse involves mere sexual contact.[9]  *Id.*

Addressing this issue in Glenn's appeal from the denial of his Rule 32 petition, the Alabama Court of Criminal Appeals stated:

---

[9] *See* §§ 13-6-66 & 13A-6-60(3), Ala. Code 1975.

> On appeal, [Glenn] repeats most of the arguments that he raised in his petition and at the hearing. The majority of his claims are based on his argument that the evidence did not prove penetration. He makes this claim under the guise of variance, the need for lesser-included-offense instructions, and a reference to a jury request for a further charge as to penetration. However, on appeal, this Court addressed [Glenn's] claim that the State failed to prove a prima facie case and found that penetration was sufficiently proved. *See C.G. v. State*, (CR-10-0414, August 16, 2011) --- So. 3d --- (Ala. Crim. App. 2011) (table). Therefore, as argued by the State and found by the court, his claim as to a variance because penetration was not proved is without merit and precluded. Inasmuch as he also alleged that the jurors should have been given lesser-included-offense instructions based on his claim of lack of evidence of penetration and deviate sexual relations, this claim is not sufficiently pleaded, Rule 32.6(b) and Rule 32.3, and similarly lacks merit.

Doc. No. 30-2 at 5 (footnote omitted).

Section 13A-6-61(a)(3), Ala.Code 1975, provides as follows: "A male commits the crime of rape in the first degree if . . . [h]e, being 16 years or older, engages in sexual intercourse with a female who is less than 12 years old." "Sexual intercourse" is defined at § 13A-6-60(1), Ala. Code 1975, as having "its ordinary meaning and occur[ing] upon any penetration, however slight; emission is not required."

Section 13A-6-63(a)(3), Ala. Code 1975, provides that a person commits the crime of sodomy in the first degree if "[h]e, being 16 years old or older, engages in deviate sexual intercourse with a person who is less than 12 years old." "Deviate sexual intercourse" is defined at 13A-6-60(2), Ala. Code 1975, as "[a]ny act of sexual gratification between persons not married to each other involving the sex organs of one person and the mouth or anus of another." Penetration is not an element of the offense of sodomy under Alabama law. *Chandler v. State*, 555 So. 2d 1138, 1140 (Ala. Crim. App. 1989); *Glover v. State*, 518 So.2d 247, 248 (Ala. Crim. App. 1987).

Through the victim's own testimony, the State presented the evidence of penetration (the victim's testimony that Glenn "took out his thing and put [it] in me") required to support a first-degree rape conviction under § 13A-6-61(a)(3) and the evidence of "deviate sexual intercourse" (the victim's testimony that Glenn "was licking down at my privacy") required to support a first-degree sodomy conviction under § 13A-6-63(a)(3). Glenn's defense at trial was to deny any sexual contact with the victim whatsoever. Thus, the only evidence presented at trial either established commission of the offenses of first-degree rape and first-degree sodomy, or, if the defense's version was believed, established the commission of no offense at all. There was no evidence supporting a jury instruction on first-degree sexual abuse based on mere sexual contact. As such, Glenn was not entitled to have the jury instructed on sexual abuse in the first-degree as a lesser-included offense of the first-degree rape and first-degree sodomy counts in the indictment. Therefore, the state court correctly found no merit in Glenn's claim that he was entitled to have the trial court give lesser-included offense instructions to the jury.[10] *See Wilson v. Thomas*, 2017 WL 1380507, at *6 (M.D. Ala. Jan. 27, 2017), report and recommendation adopted, 2017 WL 1383461 (M.D. Ala. Apr. 13, 2017 ("[T]here was no evidence that Wilson's conduct was limited to "sexual contact" with the victim, as opposed to sexual intercourse. Consequently, an instruction on first-degree sexual abuse as a lesser included offense of

---

[10] Furthermore, in non-capital cases, such as Glenn's, it is not a federal constitutional error—and therefore not a proper claim upon which federal habeas corpus relief may be granted—for a trial court to fail to instruct the jury on lesser-included offenses. *Perry v. Smith*, 810 F.2d 1078, 1080 (11th Cir.1987); *Harris v. Crosby,* 151 F. App'x 736, 737–38 (11th Cir. 2005).

first-degree rape was not warranted."). Because there was no basis for a lesser-included offense instruction, it was not deficient performance for Glenn's trial counsel to fail to request such an instruction.[11]

Moreover, Glenn shows no reasonable likelihood that, had the jury been instructed on sexual abuse in the first-degree as a lesser-included offense, it would have returned verdicts finding him guilty of that offense instead of the first-degree rape and first-degree sodomy counts in the indictment. *See Magnotti v. Sec'y for Dep't of Corr.*, 222 F. App'x 934, 940 (11th Cir. 2007) ("[T]he evidence presented at Magnotti's trial was sufficient to sustain a conviction for robbery.  As such, even assuming without deciding that Magnotti's counsel was deficient in failing to request jury instructions on other lesser included offenses, that deficiency does not suggest that there was a reasonable probability that the outcome would have been different because the jury had sufficient evidence to find Magnotti guilty of the greater offense of robbery."); *Harris v. Crosby*, 151 F. App'x 736, 738 (11th Cir. 2005) (holding that habeas petitioner could not demonstrate prejudice resulting from counsel's failure to request instruction on lesser-included offense because "[the petitioner's] assertions that he would have been convicted of the lesser included offense, as opposed to the greater offense, are pure speculation—speculation both that the state trial court would have decided to instruct the jury on the lesser included offense and that the jury, if instructed on the lesser included offense, would have convicted on it instead

---

[11] The decision whether to request an instruction on a lesser-included offense often falls within the realm of trial strategy, because an attorney may reasonably pursue an acquittal on a greater charge instead of giving the jury an option to compromise by finding guilt on an offense requiring a lesser showing by the State. *See, e.g., Bell v. McNeil,* 353 F. App'x 281, 286 (11th Cir. 2009).

of the higher offense. That speculation is insufficient to undermine our confidence in the outcome of his trial.")

Glenn demonstrates neither deficient performance nor resulting prejudice from his counsel's failure to request that the jury be instructed on first-degree sexual abuse as a lesser-included offense of the charges in the indictment. He therefore fails to show that the state court's denial of this ineffective assistance claim was an unreasonable application of *Strickland* or any other federal law as determined by the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Williams*, 529 U.S. at 404–05 & 412–13. Nor has Glenn rebutted the presumption of correctness given to the state court determinations of fact. 28 U.S.C. § 2254(d)(2) & (e)(1). He is not entitled to habeas relief on this claim of ineffective assistance of counsel.

### 3. *Counsel's Failure to Preserve Issue of Sufficiency of the Evidence*

Glenn also claims that his trial counsel was ineffective for failing to preserve the issue of the sufficiency of the evidence based on the lack of medical and scientific evidence showing proof that penetration occurred. Doc. No. 1 at 7. It is difficult for this court to say that Glenn presented this claim of ineffective assistance of counsel to the state courts. While Glenn argued throughout his Rule 32 petition that the State failed to establish the element of penetration necessary to support his convictions, the grounds of ineffective assistance of counsel asserted in his Rule 32 petition contain no claim that his trial counsel failed to preserve the issue of the sufficiency of the evidence based on the lack of medical and scientific evidence showing proof that penetration occurred. In any event, Glenn's trial counsel did in fact preserve the issue of the sufficiency of the evidence on both counts

17

of the indictment through a motion for judgment of acquittal made at the close of the State's evidence. *See* Doc. No. 30-10 at 102-03. The motion for judgment of acquittal sufficed to preserve any issue of the sufficiency of the evidence based on the lack of medical and scientific evidence regarding penetration. As already discussed, and contrary to Glenn's suggestion otherwise, the victim's testimony by itself was sufficient to establish the required elements of offenses of which he was convicted. This claim entitles Glenn to no relief.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and this case be DISMISSED with prejudice.

The Clerk of the Court is DIRECTED to file the Recommendation of the Magistrate Judge and to serve a copy on the petitioner. The petitioner is DIRECTED to file any objections to this Recommendation on or before August 10, 2018. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the petitioner objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th

Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

    DONE this 27th day of July, 2018.

                                           /s/  Wallace Capel, Jr.
                                        WALLACE CAPEL, JR.
                                        CHIEF UNITED STATES MAGISTRATE JUDGE